**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ARGERTHA N. JACKSON,
<u>Plaintiff-Appellant,</u>

v.

BOARD OF EDUCATION OF
MONTGOMERY COUNTY; WAYNE E.
WHIGHAM; NANCY POWELL, in their
official capacity as former
Montgomery County Public Schools
principals at Bethesda-Chevy Chase              No. 98-1060
High School; DR. PAUL VANCE,
Superintendent of Schools; STAN
SCHAUB, Director of Staffing,
<u>Defendants-Appellees,</u>

and

MONTGOMERY COUNTY PUBLIC
SCHOOLS,
<u>Defendant.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-96-3228-AW)

Submitted: February 23, 1999

Decided: March 22, 1999

Before HAMILTON and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Karl W. Carter, Jr., Washington, D.C., for Appellant. Charles W. Thompson, Jr., County Attorney, Linda B. Thall, Chief Counsel, Division of Special Projects, Rockville, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Argertha Jackson appeals from a district court order granting summary judgment to her employer, the Montgomery County Board of Education (Board), and four of its employees in her employment discrimination action and dismissing her state tort claims without prejudice. Jackson's discrimination claims were brought under Title VII of the Civil Rights Act of 1964 and Title I of the Americans with Disabilities Act of 1990. Jackson, who is African American, alleges that the defendants discriminated against her on the basis of race and disability by assigning her to a "split schedule," which required her to teach in two different schools each day. Jackson also asserts that the defendants subjected her to a hostile work environment and retaliated against her because she complained about her new assignment. She contends that the defendants are liable for intentional infliction of emotional distress and negligent supervision. We find no error and affirm.

Jackson began teaching in the Montgomery County schools in 1976. At the time she filed her complaint, she had been teaching business education classes at the Bethesda-Chevy Chase High School (B-CC) for twelve years. At the end of the 1993-94 school year, B-CC

2

put several teachers on "involuntary transfer." Jackson was one of these teachers. Involuntary transfer is usually used when there is not enough work to support a full-time position for a teacher in a particular school. Teachers on involuntary transfer do not lose pay, benefits, or seniority, and the school attempts to find other positions for them. After being placed on involuntary transfer, Jackson filed a grievance alleging that because of her race, the administration was manipulating the schedules to eliminate Jackson's position. The grievance was denied by the Principal, the Director of School Administration, and a hearing officer. The hearing officer determined that Jackson was placed on involuntary transfer because the enrollment in business education classes at B-CC had dropped.

Jackson was assigned to a split schedule for the 1994-95 school year. She was assigned to B-CC part time and Poolesville High School part time. Teachers assigned to split schedules are compensated for travel time and mileage. After initially rejecting the assignment, claiming it would cause her physical and emotional harm, Jackson began to work the split schedule.

At the beginning of 1995, Jackson submitted a leave request for an indeterminate amount of time because she was having difficulty speaking. The Board denied the request and placed Jackson on leave without pay. Six days later, Jackson submitted notes from physicians, one of which said that her "condition will continue to worsen or be activated if daily tasks involve any of the strainful activity." After discussing the matter with Jackson's doctor, members of the Board determined that Jackson needed accommodation because of an arthritic back problem, which prevented her from driving the distance required by the split schedule. The Board granted Jackson leave from the Poolesville position. It was during this time that Jackson filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC).

Jackson continued to work part-time at B-CC and used her sick leave for the remaining time, so she received her full salary. In March 1996, Jackson submitted a form stating that she wished to return to work on a full-time basis. When the Board of Education offered her a full-time assignment at Springbrook High School, she declined the position, stating that because of medical problems, she was unable to

3

accept full-time employment. Jackson also declined an offer to teach one extra class at White Oak Middle School. A June 1996 letter from the EEOC informed Jackson that the EEOC would not pursue her charge, and Jackson filed suit in October 1996.

We review the district court's grant of summary judgment de novo and affirm only if the record reveals no genuine issue of material fact. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In making this assessment, the court must view the facts and draw reasonable inferences in a light most favorable to the nonmoving party. See id. at 255.

The district court properly concluded that Jackson cannot prevail on her Title VII claim of race discrimination. In the absence of direct evidence of discrimination, this claim is subject to the burdens of proof set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993). To prevail, Jackson must first establish a prima facie case by proving: (1) she is a member of a protected group; (2) she suffered some adverse employment action; (3) at the time of the adverse employment action, she was performing at a level that met her employer's legitimate expectations; and (4) the adverse employment action occurred under circumstances that raise an inference of unlawful discrimination. See id. at 505 (citing Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-55 (1981)). Assuming that Jackson establishes her prima facie case by a preponderance of the evidence, the burden then shifts to the defendants to rebut a presumption of discrimination by articulating some legitimate, nondiscriminatory reason for the adverse employment action. See St. Mary's, 509 U.S. at 506-07. If the defendants provide a legitimate, nondiscriminatory reason for the action, Jackson may then attempt to prove by a preponderance of the evidence that the reasons asserted by the defendants were a pretext for discrimination. See id. at 507-08.

4

The defendants do not contest Jackson's presentation of a prima facie discrimination case. However, the defendants offer a nondiscriminatory explanation for Jackson's placement in a split schedule. The defendants assert that Jackson was assigned to a split schedule because enrollment in business education classes at B-CC had dropped to the point where it only supported one or two classes for the 1994-95 school year. Meanwhile, the county public school system had several half-time vacancies in business education at other schools. The assignment was pursuant to standard school procedures and involved both Jackson and another full-time teacher, who is white. Because the defendants offered a legitimate, non-discriminatory explanation for Jackson's split schedule assignment, Jackson must show that the explanation is pretextual.

Jackson asserts that the school should have made better attempts to give her full-time employment at B-CC and to keep her classes full. However, "[t]he crucial issue in a Title VII action is an unlawfully discriminatory motive for a defendant's conduct, not the wisdom or folly of its business judgment." Jiminez v. Mary Washington College, 57 F.3d 369, 383 (4th Cir. 1995) (citing Furnco Constr. Corp. v. Waters, 438 U.S. 567, 577 (1978)). Jackson argues generally that school officials accommodated white teachers but provides no evidence showing that she was treated differently from other teachers on account of race. Jackson also does not deny that a white teacher was assigned to a split schedule at the same time she was. Furthermore, Jackson provides no evidence that her split schedule assignment was not the result of standard school procedure. Viewing the evidence in the light most favorable to Jackson, Jackson fails to produce sufficient evidence of pretext. Furthermore, Jackson fails to present any significant direct evidence of discrimination. Therefore, the district court properly granted the defendants' motion for summary judgment on this claim.

Addressing Jackson's hostile work environment claim, the district court properly determined that the claim is barred because Jackson did not bring the claim in her EEOC complaint. See Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995) (citing EEOC v. General Electric Co., 532 F.2d 359, 366 (4th Cir. 1976)).

Jackson next argues that the defendants discriminated against her on the basis of her disability in violation of the ADA. To establish a

5

prima facie case of disability discrimination, Jackson must prove that: (1) she was a member of a protected class (she must have a "disability," which is a physical or mental impairment that substantially limits one or more of the major life activities); (2) she suffered an adverse employment decision; (3) her performance met her employer's legitimate expectations at the time of the adverse action; and (4) the action occurred under circumstances that raise a reasonable inference of unlawful discrimination. See Ennis v. National Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 58 (4th Cir. 1995) (citations omitted). Because there was conflicting evidence as to whether Jackson actually had a disability at all, the district court properly assumed for the purposes of the summary judgment motion that Jackson was disabled. Furthermore, the defendants did not contest the second and third elements of the prima facie case.

Even so, Jackson presents no evidence suggesting unlawful discrimination based on disability. All of Jackson's evidence relates to race discrimination. Moreover, there is extensive evidence in the record that the defendants made reasonable efforts to accommodate Jackson. The defendants granted Jackson's request for part-time leave after she supplied them with documentation of her back condition. Later, when Jackson stated that she wished to return to a full-time job, the defendants offered her a full-time position at Springbrook High School which she declined after deciding she did not want full-time employment. The defendants then offered her a chance to supplement her part-time schedule without going to full-time. Jackson declined that offer as well. Because Jackson failed to present a prima facie case of disability discrimination, the district court properly granted the defendants summary judgment on Jackson's ADA claim.

Jackson contends that the defendants retaliated against her because she filed a grievance after being put on involuntary transfer. "The series of proofs and burdens outlined in McDonnell Douglas apply to retaliation claims." Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1228 (4th Cir. 1998). In order to establish a prima facie case of retaliation, Jackson must show that: (1) she engaged in protected activity; (2) her employer took adverse action against her; and (3) there was a causal connection between the two. See id. Assuming that Jackson could establish a prima facie case, the defendants have already set forth a legitimate nondiscriminatory reason for Jackson's assignment

6

to the split schedule. Therefore, in order to prevail on her claim, Jackson must demonstrate that the defendants' proffered reasons for the assignment are pretextual. See id. at 1229.

Jackson fails to establish she was assigned to a split schedule in retaliation for her complaints concerning her involuntary transfer. Although Jackson states she was the only teacher placed on involuntary transfer who complained about the placement, she was not the only teacher assigned to a split schedule. In addition, Jackson does not deny that the county school system as a whole had many teachers assigned to split schedules or that these assignments assured the teachers continued full-time employment. Because Jackson fails to establish that the reasons given by the defendants for the split schedule assignment are pretextual, the defendants are entitled to summary judgment on Jackson's retaliation claim.

In light of the dismissal of Jackson's federal claims, we find that the district court properly declined supplemental jurisdiction over her state law claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). For these reasons, we affirm summary judgment in favor of the defendants and dismissal without prejudice of Jackson's state tort claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7